Porter

Plaintiff(s),

v.

City of Chicago

Defendant(s).

Case No.  8 C 7165
Judge Virginia M. Kendall

## ORDER

For the reasons stated below, this Court grants in part Defendant's Bill of Costs [79] and awards Defendant $8,628.49 in costs. Absent further order of the Court, execution upon the judgment for costs is stayed.

## STATEMENT

Following entry of judgment in its favor [78], Defendant City of Chicago filed a bill of costs [79]. A stay was entered regarding the bill of costs while Plaintiff Latice Porter appealed the Court's ruling [96], which was subsequently affirmed [104]. Accordingly, the stay regarding the bill of costs was lifted [102]. Porter timely objected to the bill of costs [109]. Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Although this Court is granted discretion to impose or lift costs, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). That is, only "exceptional circumstances" warrant a complete denial of costs. *See Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996).

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). In analyzing a bill of costs, "there is

a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The City claims three categories of costs: (1) $936.29 for photocopying; (2) $8,514.75 for deposition and transcript costs; and (3) $540.35 for subpoena and witness fees. In total, the City claims $9,991.39 in costs.

Porter takes issue with $931.47 of the City's deposition transcript costs (specifically, costs for deposition word indexes) and the $1,249.50 of the City's deposition costs associated with court reporter appearance fees. Regarding the court reporter appearance fees, Porter argues in the alternative that, at a minimum, these fees must be reduced by $173 to comply with Local Rule 54.1. Porter does not raise objections to the remainder of the costs that the City seeks, but asks the Court to excuse her from paying any costs because she is unable to pay them and because her Complaint was brought in good faith.

As stated, only exceptional circumstances justify a complete denial of costs. "Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). In determining whether the indigence exception to Rule 54(d) applies, a "district court must make a threshold factual finding that the losing party is incapable to paying the court-imposed costs as this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635.

In support of her claim for indigence, Porter submitted a declaration detailing her income and expenses. [109-1]. In the document, Porter attests she supports herself and her eight year old child and that her current monthly income is approximately $1,000, consisting of $364 in child support and $721 in social security disability benefits. She further states that her monthly expenses consist of approximately $180 in rent, $400 in food, and $200 in utilities. At this current rate of spending, Porter has approximately $305 remaining per month after expected expenditures. Porter also claims that due to her disability, she is unable to secure employment. This affidavit shows that Porter is presently indigent. However, it does not show whether Porter is unlikely to be able to pay costs in the future. In her declaration, Porter fails to state the nature of her disability and a review of her July 8, 2009 deposition reveals claims of chronic chest pain and headaches associated with the alleged harassment and stress she was experiencing at work. This information is insufficient for a finding of permanent disability. Moreover, Porter was employed by the Chicago Police Department for fifteen years. Although Porter is unemployed and receives disability benefits currently, the potential for future earning is present. *See, e.g., Denson v. Ne. Illinois Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *2 (N.D. Ill. June 27, 2003) (where it is possible, even if unlikely, that a losing party will be gainfully employed in the future, the awarding of costs to the prevailing party is appropriate). Costs therefore will be awarded at this time.

Second, Porter argues that the facts and circumstances of the case support a reduction in costs. Specifically, she argues that her good faith in bringing the claims and the "closeness of the case" make a reduction or elimination of costs appropriate. However, this could be said of many lawsuits, yet the Seventh Circuit has stated that only two "exceptional circumstances" support excusing costs: misconduct by the other party or indigence of the losing party. Because there are no allegations of misconduct and Porter has not adequately shown she will be unable to pay costs in the future, the Court cannot excuse her from her obligations pursuant to Rule 54(d).

Turning now to Porter's specific objections to the reasonableness of the costs that the City seeks, she first argues that the word indexes associated with certain of the deposition transcripts were solely for the convenience of counsel and are not recoverable. This Court will not award costs for word indexes because of the presumption that they are attained merely for the attorneys' convenience. *See, e.g., Thayer v. Chiczewski*, No. 07 CV 1406, 2010 WL 3087447, at *9 (N.D. Ill. Aug. 4, 2010) (finding that other courts have held that word indexes are not recoverable); *Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2008 WL 4594347, at *3 (N.D. Ill. Oct. 10, 2008) (denying request for costs related to condensed transcripts, indexes, and diskette copies of transcripts because prevailing party had not made showing that they were reasonably necessary for litigation); *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *3 (N.D. Ill. June 16, 2006) (additional costs for word indexes are not generally recoverable); *Pruitt v. City of Chicago*, No. 03 C 2877, 2005 WL 2483355, at *2 (N.D. Ill. Oct. 5, 2005) (as a general rule, a court should not award costs for indexes unless the movant can show that the indexes were reasonably necessary for litigation). Here, the City has not shown that the word indexes were reasonably necessary for the litigation. Accordingly, the Court will not award costs for the indexes.

A problem arises in determining the portion of the deposition transcript costs associated with the word indexes. The City's itemization of its transcript costs includes the date, the deponent, the appearance fee of the court reporter, and the complete transcript length. From the corresponding invoices, it is clear that the City has expended the claimed amount of transcript costs; however, the invoices make no reference to the number of pages dedicated to the word indexes as opposed to the original transcripts. Based on the information proffered by the City, this Court cannot verify with absolute certainty the share of transcript costs linked to the word indexes. When faced with similar predicaments involving copying costs, courts in this district have either reduced relevant costs by a percentage or denied costs altogether. *Compare, e.g., Trading Techs. Int'l., Inc.v. eSpeed, Inc.*, 750 F. Supp.2d 962, 980 (N.D. Ill. 2010) (75 percent reduction in copying costs when costs were not separated); *and Brown v. Cty. Of Cook*, No. 06 C 617, 2011 WL 4007333, at *4 (N.D. Ill. Sep. 8, 2011) (fifty percent reduction when invoices did not indicate the nature of the documents copied); *with Leggett v. Hickory Springs Mfg. Co.*, 149 F. Supp.2d 394, 397 (N.D. Ill. 2001) (denying in full copying costs due to "absence of reliable verification that the copying costs were necessary"); *and Telular*, 2006 WL 1722375, at *5 (without differentiation of copying costs, request was denied in whole).

Here, because the invoices make clear that the City inevitably incurred some compensable deposition transcript costs as a result of the litigation, the Court is not inclined to deny the City's transcript costs in their entirety. After balancing the fact that the City sustained considerable and verifiable transcript costs against the impossibility of determining the costs of the non-recoverable word indexes, the Court in its discretion finds that a thirty percent reduction in costs associated with the depositions associated with word indexes is appropriate. This award recognizes that the City incurred compensable transcript costs while preventing a situation where the City benefits from shortcomings in its proof. Accordingly, the Court deducts $1,189.90 from the City's deposition costs.[1]

Porter's second objection again concerns the City's deposition transcript costs. Specifically, she contends that court reporter appearance fees should not be taxed because the plain language of 28 U.S.C. § 1920(2) permits taxation of fees only for "printed or electronically recorded transcripts." Even though court reporter fees are not specifically mentioned in the statute that allows for taxing costs, court reporter fees fall into the category of fees for obtaining transcripts. *See, e.g., Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *Donald v. Portillo's Hot Dogs, Inc.*, No. 09 C 7436, 2014 WL 1646954, at *2 (N.D. Ill. April 24, 2014); *Bennett v. Unitek Global Servs., LLC*, No. 10 C 4968, 2014 WL 1322711, at *4 (N.D. Ill. April 2, 2014). Moreover, as Porter acknowledges, Local Rule 54.1(b) permits awards of court reporter attendance fees up to $110 for a half day and $220 for a full day. This Court therefore awards the City costs for court reporter appearance fees, but deducts $173 from its request in order to comply with the maximum fees allowed by Local Rule 54.1(b).

In summary, the Court awards $8,628.49 of costs to the City -- $7,151.85 in fees for deposition transcripts, $936.29 in fees for photocopying, and $540.35 for subpoena and witness fees.

Date: August 1, 2014

_____
Virginia M. Kendall
United States District Judge

---

[1] In her objection, Porter calculates a thirty percent reduction in relevant transcript costs as equaling $931.47. However, the Court's review of the invoices revealed that the proper deduction is $1,189.90.